# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D. No. 1811015215 |
| | ) | |
| | ) | |
| KAISHIRA J. BURTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: March 4, 2020[1]
Decided: June 3, 2020

**AND NOW TO WIT**, this 3rd day of June, 2020,[2] upon consideration of Defendant Kaishira J. Burton's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

---

[1] The United States of America and the State of Delaware declared states of emergency due to COVID-19. As a result, per Administrative Directives of the Supreme Court of the State of Delaware and the Delaware Superior Court, and the national and local states of emergency, "[e]xcept as set forth in 10 *Del. C.* § 2007(c), deadlines in court rules or state or local statutes and ordinances applicable to the judiciary that expire between March 23, 2020 and June 13, 2020 are extended through July 1, 2020." Administrative Order No. 6 Extension of Judicial Emergency (Del. May. 14, 2020); *see also* Standing Order No. 6 Concerning COVID-19 Precautionary Measures (Del. Super. Ct. Apr. 15, 2020).

[2] The United States of America and the State of Delaware declared states of emergency due to COVID-19. As a result, per Administrative Directives of the Supreme Court of the State of Delaware and the Delaware Superior Court, and the national and local states of emergency, "[e]xcept as set forth in 10 *Del. C.* § 2007(c), deadlines in court rules or state or local statutes and ordinances applicable to the judiciary that expire between March 23, 2020 and June 13, 2020 are extended through July 1, 2020." Administrative Order No. 6 Extension of Judicial Emergency (Del. May. 14, 2020); *see also* Standing Order No. 6 Concerning COVID-19 Precautionary Measures (Del. Super. Ct. Apr. 15, 2020).

1.      On May 20, 2019, Defendant pled guilty to two counts of Drug Dealing.[3]  On the same day, she was sentenced to a sum of two years at Level V followed by transitioning levels of probation in Crest and Crest Aftercare programs.[4]

2.      On January 30, 2020,[5] Defendant filed this, her second,[6] Motion for Modification of Sentence under Superior Court Criminal Rule 35(b).[7]  In her motion, Defendant requests that the Court modify her Level IV sentence from Level IV Crest to Level IV Work Release followed by TASC Consulting.[8]  In support of her motion, Defendant states the following grounds for relief:  (1) Defendant feels "immense guilt" for her actions and "recognize[es] the error in [her] ways . . . [;]" (2) Defendant will continue to maintain "good behavior" and continue her education; (3) Defendant believes "the treatment module" offered by Crest "will hinder [her rehabilitation]

---

[3] Final Case Review: Defendant Guilty/Sentenced, *State of Delaware v. Kaishira J. Burton*, Crim. ID No. 1811015215, D.I. 17 (Del. Super. Ct. May 20, 2019) [hereinafter "Def.'s Plea"].

[4] Defendant received the following sentences:  (1) For the first Drug Dealing charge, eight years at Level V, suspended after two years at Level V, for one year at Level IV Crest, suspended after successful completion, for eighteen months at Level III Crest Aftercare; and (2) for the second Drug Dealing charge, fifteen years at Level V, suspended for eighteen months at Level III probation.  Sentence: ASOP Order Signed and Filed on 05/21/2019, *State of Delaware v. Kaishira J. Burton*, Crim. ID No. 1811015215, D.I. 18 (Del. Super. Ct.  May 20, 2019) [hereinafter "Def.'s Sentence"].  Defendant's Level V time runs consecutively and probation runs concurrently.  *Id.*

[5] Defendant's Motion for Modification of Sentence was not docketed and received by this Court until March 4, 2020.

[6] Defendant filed a previous Motion for Modification of Sentence. Motion for Modification of Sentence (Letter) Filed Pro Se, *State of Delaware v. Kaishira J. Burton*, Crim. ID No. 1811015215, D.I. 19 (Del. Super. Ct. Aug. 20, 2019).

[7] Defendant's Motion for Modification of Sentence, *State of Delaware v. Kaishira J. Burton*, Crim. ID No. 1811015215, D.I. 21 (Del. Super. Ct. Mar. 4, 2020) [hereinafter "Def.'s Mot."]; *see* DEL. SUPER. CT. CRIM. R. 35(b).

[8] Def.'s Mot. at pages 5-6.

process" because it "does not allow employment until the final phase[;]" and (4) Work Release will "add structure, splitting [her] time between work and a program within [her] community."[9]

3. Defendant's sentence was imposed pursuant to a Plea Agreement between the State and Defendant.[10] After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that she understood the nature of the charge to which the plea was offered. Defendant fully acknowledged in open court that the range of possible penalties included the sentence imposed by the Court in this case.

4. Under Superior Court Criminal Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[11] Defendant is not time-barred because she does not seek to modify or reduce her Level V sentence, but rather requests a modification of her probation.

5. However, Superior Court Criminal Rule 35(b) also provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[12] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[13] The bar to repetitive motions has

---

[9] Def.'s Mot. at pages 4-5.
[10] *See* DEL. SUPER. CT. CRIM. R. 11(e); *see also* Def.'s Plea.
[11] SUPER. CT. CRIM. R. 35(b).
[12] *Id.* (emphasis added).
[13] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

no exception. It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[14] The repetitive motion bar is applicable even when the request is for reduction or modification of a term of partial confinement or probation.[15] Therefore, where Defendant has previously submitted a Motion for Modification, and where such motion was previously denied,[16] this second Rule 35(b) motion is also barred as repetitive. The Court cannot use its discretion to ignore this bar.[17]

6. As was noted in this Court's previous order denying Defendant's request for modification, this Court *specifically* sought this route of treatment for Defendant, including Crest and Crest Aftercare based on Defendant's history.[18] However, where the Department of Correction ("DOC") has requested that courts refrain from sentencing defendants to specific treatment programs within DOC, the Court defers to DOC to determine the appropriateness of the Level IV Crest

---

[14] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (TABLE). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

[15] *See Teat v. State*, 31 A.3d 77, 2011 WL 4839042, at *1 (Del. 2011) (TABLE); *see also State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Ct. Mar. 11, 2015); *see also State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015).

[16] *See* Order Denying Defendant's Motion for Modification of Sentence, *State of Delaware v. Kaishira J. Burton*, Crim. ID No. 1811015215, D.I. 20 (Del. Super. Ct. Nov. 15, 2019).

[17] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (reversing the Superior Court's decision to grant defendant's Motion for Modification where the motion was repetitive and untimely).

[18] Defendant's Sentence called for Defendant to be evaluated for substance abuse and follow recommendation for treatment, counseling, and screening. *See* Def.'s Sentence; *see also See* Order Denying Defendant's Motion for Modification of Sentence, *State of Delaware v. Kaishira J. Burton*, Crim. ID No. 1811015215, D.I. 20 (Del. Super. Ct. Nov. 15, 2019).

sentence. Defendant's sentence is modified to one year at Level IV DOC Discretion, whereby DOC may determine the appropriate Level IV placement. Defendant's Level III placement can be re-evaluated upon any changes in Defendant's Level IV placement by DOC. The remainder of Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **GRANTED,** in part, and **DENIED**, in part.

/s/ Vivian L. Medinilla

Vivian L. Medinilla

Judge

oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services